IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN HOKAMP**           )<br>                              )<br>        Plaintiff,             )<br>v.                               ) CASE NO: 3:15-CV-00699<br>                              )<br>**I.C. SYSTEM, INC.**        )<br>                              )<br>Serve at:                    )<br>CT Corporation System )<br>Registered Agent         )<br>120 South Central Avenue )<br>Clayton, Missouri 63105 )<br>                              )<br>        Defendant.          )       **JURY TRIAL DEMANDED** | |

## COMPLAINT

COMES NOW, Plaintiff, Brian Hokamp, and for his Complaint states as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d). Venue is appropriate in this Court because Defendant aimed its collection activity and committed the violations of the FDCPA described herein at and in Madison County, Illinois.

## PARTIES

1

3. Plaintiff is a natural person currently residing in Madison County, Illinois. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

4. To the best of Plaintiff's understanding, the subject debt arises out services from AT&T U-verse performed for Plaintiff.

5. Defendant is a foreign corporation registered with its principal place of business in St. Paul, MN.

6. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

8. Defendant reported negative information to the credit reporting agencies on March 8, 2015 regarding an account owed to AT&T U-verse.

9. Defendant reported a balance due and owing of $608.

10. Upon information and belief, these charges are for equipment returned by Plaintiff.

11. Upon information and belief, Plaintiff had a zero balance upon cancelling with AT&T U-verse.

12. Defendant has never been licensed as a collection agency in the State of Illinois.

13. Pursuant to 225 ILCS 425/4 and 425/14, it is a crime to operate, directly or indirectly engage in the business of collecting debts without first obtaining a license.

14. Plaintiff has a private right of action for damages arising from violations of the ICAA.

15. Defendant took all of the above collection actions against Plaintiff when it was not licensed as a collection agency in Illinois.

### **COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**

16. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

17. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

18. In order to protect consumers, the ICAA creates a licensing regime and makes it a crime for collection agencies to operate, directly or indirectly engage in the business of collecting, or exercise the right to collect debts in Illinois without first obtaining a license.  225 ILCS 425/4; 225 ILCS 425/14.

19. For every instance in which Defendant demanded payment from an Illinois consumer for a debt, whether by written correspondence or by telephone or otherwise, Defendant attempted to do so in violation of the ICAA because Defendant has never been permitted to collect debts in Illinois.

20. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

   a. Taking action that it could not legally take.  15 U.S.C. § 1692e(5);

b. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff. 15 U.S.C. § 1692d.

c. Using false, deceptive, or misleading representation or means in connection with the debt collection. 15 U.S.C. § 1692e and e(10).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

D. For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

/s/ James W. Eason

**JAMES W. EASON, #6281329
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 932-1066
Fax:     (314) 667-3161**